

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08-CR-8(2) |
| | § | |
| PARISH SUBJECT | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Parish Subject, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [doc. #89]. The Court conducted a hearing on February 5, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the

revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On October 31, 2008, the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of possession with intent to distribute 5 grams or more but less than 50 grams of cocaine base, a Class B felony. The Court sentenced the defendant to 77 months imprisonment to be followed by a four year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment, and drug testing. On November 4, 2011, the Court issued an order which reduced the defendant's sentence to 63 months imprisonment, with all previously ordered conditions of supervision to remain in effect. On September 14, 2012, Parish Subject completed his period of imprisonment and began service of the supervision term.

On March 13, 2013, pursuant to this Court's recommendation, the District Court revoked Mr. Subject's supervision and sentenced him to 10 months imprisonment for the revocation to be followed by two additional years of supervision, including the condition that he reside in a residential reentry center for a period of 90 days. *See Order* (doc. #87), *Revocation Judgment* (doc. #88). On November 8, 2013, Mr. Subject completed the period of imprisonment and began service of the new term of supervised release.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following special condition of supervised release:

*The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 90 days to commence upon release from confinement and shall observe the rules of that facility.*

Specifically, on January 17, 2014, Parish Subject was unsuccessfully terminated from Bannum Place of Beaumont Community Confinement Center due to his having an authorized cell phone at the facility and his failure to return to the facility as scheduled from an approved pass. Mr. Subject admitted to possessing the unauthorized cell phone and he admitted to not returning to Bannum Place of Beaumont Community Confinement Center as scheduled.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would establish that as a condition of his supervision, the defendant was ordered to reside in a residential reentry center for a period of 90 days and to abide by the rules of that facility. The Government proffered evidence showing that on January 17, 2014,

Mr. Subject was unsuccessfully terminated from the Bannum Place community confinement center prior to him completing the requisite 90 days.

Defendant, Parish Subject, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to successfully complete 90 days in the community confinement center in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to successfully complete 90 days in a residential reentry center. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3). According to the Sentencing Options provided by the Probation Office, the maximum term that Mr. Subject faces on this revocation is capped at 26 months due to the previous ten (10) month imprisonment term that he served on the prior revocation.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to

be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, the parties agreed that Mr. Subject failed to serve 16 days of court-ordered community confinement at Bannum Place.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant failed to complete 90 days in the Bannum Place community confinement center in violation of his supervision conditions. Mr. Subject voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **nine (9) months imprisonment**, to include the 16 days of unserved community confinement time. No further supervision is recommended upon Mr. Subject's release.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of February, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE